1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

STEVEN PINCUS HUETER,

11                              Plaintiff,

12           v.

13   INGRID ANN PEDERSON, *et al.*,

14                              Defendants.

CASE NO.  C21-0900-RSM

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

15
16

## I.      INTRODUCTION

17        This matter comes before the Court on Defendants Ingrid Ann Pederson, Gerald Young,

18   and S/V Falcon's Motion to Dismiss.  Dkt. #16.  Plaintiff Steven Pincus Hueter, proceeding pro

19   se, opposes Defendants' motion.  Dkt. #34.  Plaintiff requests oral argument, but the Court finds

20   oral argument unnecessary to resolve the relevant issues.  Having reviewed the Defendants'

21   Motion, Plaintiff's Response, Defendants' Reply, and the remainder of the record, the Court

22   ORDERS that Defendants' Motion to Dismiss is GRANTED.

23   //

24   //

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 1

## II.    BACKGROUND

This action is a dispute over the ownership of the Trimaran Sloop S/V Falcon ("S/V Falcon")—a 41-foot recreational sailboat. Dkt. #5. Plaintiff claims that Defendants Pederson and Young illegally took possession of the S/V Falcon from a storage facility in Bellingham, Washington, and sailed to American Samoa where they now live aboard the vessel. Plaintiff's complaint does not set forth the full history of the S/V Falcon's title dispute. However, his Response clarifies that in 2004, Plaintiff placed the S/V Falcon in the trust of his friend, Goodsir, when Plaintiff gifted him 98% of the S/V Falcon. Dkt. #34 at 20. Plaintiff argues that Goodsir violated their agreement to return the 98% ownership of the vessel to Plaintiff when Goodsir fraudulently sold the vessel to new owners. *Id.*

Plaintiff filed this action on July 5, 2021 alleging in personam claims against Defendants Pederson and Young and in rem claims against S/V Falcon. Dkt. #5. Plaintiff seeks a declaration of his rights to possession and ownership of the S/V Falcon and a declaration that Defendants Pederson and Young have no right, title, or interest in the vessel. *Id.* at 10-12. Plaintiff also seeks to enjoin Defendants Pederson and Young from living aboard, possessing, or harming the S/V Falcon, and asks that this Court require them to transfer the vessel to the Western District of Washington at Defendants' expense. *Id.* at 12. Furthermore, he claims unjust enrichment and seeks compensatory, exemplary and punitive damages for Defendants Pederson's and Young's unjust appropriation of the S/V Falcon. *Id.* at 13-14. He states that a related case before the High Court of American Samoa was dismissed "in part due to the fact that the Associate Justice Sunia refuses to acknowledge Admiralty jurisdiction" and has brought a lawsuit against Justice Sunia. *Id.* at 3.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

1    On August 19, 2021, Defendants moved to dismiss Plaintiff's complaint for lack of subject

2  matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Dkt. #16.  Defendants alternatively argue that

3  Plaintiff's claims are time-barred under the 3-year statute of limitations period, precluded by

4  Washington's comprehensive procedure for quieting title to the vessel, fail to join an indispensable

5  party, and are barred by the *Younger* abstention doctrine.  *Id.*  For the reasons set forth below, the

6  Court agrees that this case must be dismissed for lack of subject matter jurisdiction.

7                                    **III.    DISCUSSION**

8    **A.  Legal Standard for Dismissal under Rule 12(b)(1)**

9    Because federal courts are courts of limited jurisdiction, the plaintiff bears the burden of

10  establishing that a case is properly filed in federal court.  *Kokkonen v. Guardian Life Ins. Co.*, 511

11  U.S. 375, 377 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957

12  (9th Cir. 2001).  This burden, at the pleading stage, must be met by pleading sufficient allegations

13  to show a proper basis for the federal court to assert subject matter jurisdiction over the action.

14  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  Once it is determined

15  that a federal court lacks subject matter jurisdiction, the court has no choice but to dismiss the

16  suit.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court

17  determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

18  action.").

19    **B.  Lack of Subject Matter Jurisdiction**

20    Plaintiff's complaint identifies federal question and admiralty jurisdiction as the bases for

21  subject matter jurisdiction.  Dkt. #5 at 3.  His Response argues that this Court has original

22  jurisdiction under federal admiralty law to quiet title of the S/V Falcon, to arrest, seize, and require

23  forfeiture of the vessel, and to determine possession and partition.  Dkt. #34 at 28.  He also argues

24  
ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 3

1  that the Court may exercise supplemental jurisdiction over his Washington claims.  *Id.*  The Court

2  finds that none of these arguments support a basis for federal subject matter jurisdiction in this

3  action.

4                 i.  Federal Question

5        Plaintiff's Response does not expressly argue that federal question jurisdiction exists.

6  However, his complaint identifies "federal question" as a basis for jurisdiction and lists

7  "Declaratory Relief Under 28 U.S.C. § 2201-2202" as a federal statute at issue in this case.  Dkt.

8  #5 at 4.  This basis for federal jurisdiction fails.  Federal question jurisdiction is established by

9  pleading a "colorable claim 'arising under' the Constitution or laws of the United States."

10  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations omitted); 28 U.S.C. § 1331.  Here,

11  Plaintiff does not plead any claims arising under the Constitution or federal law aside from the

12  Declaratory Judgment Act, 28 U.S.C. § 2201.  However, a claim for declaratory relief is not

13  sufficient, on its own, to establish federal jurisdiction.  *See Skelly Oil Co. v. Phillips Petroleum*

14  *Co.*, 339 U.S. 667, 671, 674 (1950) (holding that operation of the Federal Declaratory Judgment

15  Act is "procedural only" and does not extend the jurisdiction of federal courts).  There is no

16  federal question jurisdiction here.

17                ii.  Admiralty Jurisdiction

18        Turning to Plaintiff's second basis for subject matter jurisdiction, district courts have

19  original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors

20  in all cases all other remedies to which they are otherwise entitled."  28 U.S.C. § 1333(1).  The

21  scope of admiralty jurisdiction "depends in large part on the construction given to the word

22  'maritime.'"  Sources and Scope of Admiralty Jurisdiction—History and General Principles, 14A

23  Fed. Prac. & Proc. Juris. § 3671 (4th ed.).  Maritime jurisdiction may arise from contract disputes

24

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 4

1  where the contract is "maritime in nature," or in tort actions where the tort has a "maritime situs."

2  *Id.*

3         The Court finds no basis for maritime jurisdiction in this matter.  The gravamen of

4  Plaintiff's complaint is that he—not Defendants—is the rightful owner and title-holder for the

5  S/V Falcon.  Plaintiff claims that he did not abandon the vessel, that Defendants have "no doubt

6  as to the rightful ownership" of the vessel, and that Defendant Pederson is falsely claiming that

7  she has a valid title.  Dkt. #5 at ¶¶ 21-23, 28.  This ownership dispute arises from the contested

8  sale of the vessel by Goodsir, which Plaintiff believes was fraudulent and invalid.  *See* Dkt. #16-

9  1 at 14 (e-mail dated October 8, 2019 from Goodsir to Plaintiff stating that "[t]he vessel Falcon

10 was sold about a decade & a half ago.  At the time I paid 2% value from the sale of the vessel to

11 your wife since I could not get a hold of you.  This sale is legal and was completed many years

12 ago.  The vessel Falcon was then sailed internationally out of the country.").[1]

13         As Defendants point out in their Motion, it is well-established "that a suit arising out of

14 the sale of a vessel does not give rise to admiralty jurisdiction."  *Herman Fam. Revocable Tr. v.*

15 *Teddy Bear*, 254 F.3d 802, 804 (9th Cir. 2001); *see also Magallanes Inv., Inc. v. Cir. Sys., Inc.*,

16 994 F.2d 1214, 1217 (7th Cir. 1993) ("Contracts for the sale of a ship are not 'maritime' and thus

17 admiralty jurisdiction does not apply.") (quoting *Chase Manhattan Financial Services, Inc. v.*

18 *McMillian,* 896 F.2d 452, 460 (10th Cir. 1990) (internal quotations omitted).  Plaintiff's

19 Response does not meaningfully rebut Defendants' argument and instead cites to several cases

20 that contain no discussion of admiralty jurisdiction.  *See* Dkt. #34 at 27-28.  Plaintiff also argues

21

22

---

23 [1] This e-mail is judicially noticeable under the ""incorporation by reference" doctrine, which allows
   courts to consider documents "whose contents are alleged in a complaint and whose authenticity no party
   questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN,* 393 F.3d

24 1068, 1076 (9th Cir. 2005) (internal quotations omitted).

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 5

1   that the Court need not "focus on the fraudulent 'sale' as a basis for Admiralty jurisdiction" since

2   it has jurisdiction to quiet the title, arrest and seize the vessel, and to determine possession. *Id.* at

3   28. Yet Plaintiff's claims for quiet title and determination of ownership arise from the allegedly

4   fraudulent sale of the S/V Falcon, which is outside the scope of admiralty jurisdiction. *Herman*

5   *Fam. Revocable Tr.*, 254 F.3d at 804. Furthermore, to the extent Plaintiff insists that this Court

6   has jurisdiction over his in rem claims to seize the S/V Falcon, Plaintiff's complaint does not

7   "state that the property is within the district or will be within the district while the action is

8   pending" as required under the Supplemental Admiralty Rules. Fed. R. Civ. P. Rule C(2)(c). On

9   the contrary, Plaintiff's complaint states that the S/V Falcon is in American Samoa. Dkt. #5 at 3.

10         For these reasons, the Court finds no proper basis for admiralty jurisdiction in this matter.

11                   iii.  Supplemental Jurisdiction

12         Finally, Plaintiff argues that this Court "may apply Washington State Law and declare

13   fraudulent documents with material representation of fact as void" pursuant to its supplemental

14   jurisdiction over state law claims. Dkt. #34 at 27-28. However, supplemental jurisdiction is not

15   an independent basis for federal jurisdiction. On the contrary, "where there is no underlying

16   original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental

17   claims under § 1367." *Herman Fam. Revocable Tr.*, 254 F.3d at 805 (collecting cases). Since

18   the Court has concluded that it lacks federal subject matter jurisdiction over Plaintiff's claims, it

19   cannot exercise supplemental jurisdiction over his state law claims.

20         For these reasons, dismissal of this action is appropriate under Fed. R. Civ. P. 12(b)(1) for

21   lack of subject matter jurisdiction. Because dismissal is warranted on this basis alone, *Arbaugh*,

22   546 U.S. at 514, the Court need not consider Defendants' remaining arguments.

23   *//*

24

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 6

## IV.    CONCLUSION

Having reviewed Defendants' Motion, Plaintiff's Response, Defendants' Reply, and the remainder of the record, the Court finds and ORDERS:

(1) Defendants' Motion to Dismiss, Dkt. #16, is GRANTED.   Plaintiff's claims are DISMISSED.

(2) All pending motions in this matter are DENIED as moot.

(3) This matter is CLOSED.

DATED this 16th day of September, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 7