UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN PINCUS HUETER,<br><br>                Plaintiff,<br><br>     v.<br><br>INGRID ANN PEDERSON, *et al.*,<br><br>                Defendants. | CASE NO. C21-900-RSM<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS |

This matter comes before the Court on a referral from the Ninth Circuit Court of Appeals to determine whether in forma pauperis ("IFP") status should continue on appeal. Dkt. #46. Pro se plaintiff Steven Pincus Hueter was granted leave to proceed IFP in this matter on July 7, 2021. Dkt. #3.

Plaintiff filed this action on July 5, 2021, alleging in personam claims against Defendants Pederson and Young and in rem claims against the Trimaran Sloop S/V Falcon ("S/V Falcon"), a 41-foot recreational sailboat. Dkt. #5. Plaintiff sought a declaration of rights to possession and ownership of the S/V Falcon and a declaration that Defendants Pederson and Young have no right, title, or interest in the vessel. *Id.* He also sought to enjoin Pederson and Young from living aboard,

ORDER REVOKING IN FORMA PAUPERIS
STATUS
PAGE - 1

possessing, or harming the S/V Falcon, and requested that this Court order them to transfer the vessel to the Western District of Washington at Defendants' expense. Plaintiff further claimed unjust enrichment and sought compensatory, exemplary and punitive damages.

On September 16, 2021, this Court granted Defendants' motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Dkt. #42. Although the complaint identified federal question and admiralty jurisdiction as bases for subject matter jurisdiction, the Court determined that neither provided a basis for jurisdiction over this matter. Specifically, Plaintiff did not plead any claims arising under the Constitution or federal law to establish federal question jurisdiction. *Id.* at 4. With respect to admiralty jurisdiction, Plaintiff's claims for quiet title and determination of ownership arose from the allegedly fraudulent sale of the S.V. Falcon, which does not fall within admiralty jurisdiction. *Id.* at 5-6 (citing *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 804 (9th Cir. 2001)). Finally, given that Plaintiff failed to provide an independent basis for federal jurisdiction, the Court could not exercise supplemental jurisdiction over Plaintiff's claims. *Id.* at 6. Accordingly, having determined that it lacked federal subject matter jurisdiction over Plaintiff's claims, the Court granted Defendants' motion to dismiss.

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed IFP. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Where, as here, a party was permitted to proceed IFP in the District Court, the party may proceed on appeal in forma pauperis without further authorization unless the District Court certifies in writing that the appeal is not taken in good faith or that the party is not otherwise entitled to proceed IFP. Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). An appeal is taken in "good faith"

where it seeks review of at least one issue or claim that is found to be "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id.* at 327.

This Court cannot find that Plaintiff's appeal has been taken in good faith. First, Plaintiff's notice of appeal does not identify the basis of his appeal or the alleged error(s) by the District Court. Moreover, the Court has found, and continues to find, that it lacks subject matter jurisdiction over this action. Accordingly, the Court finds Plaintiff's appeal to be frivolous.

Accordingly, the Court hereby FINDS AND ORDERS that:

1) Plaintiff's in forma pauperis status is REVOKED;

2) The Clerk is directed to send a copy of this Order to the Ninth Circuit Court of Appeals in Case No. 21-35807;

3) The Clerk shall send a copy of this Order to Plaintiff.

DATED this 9th day of November, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE